**Celina Carmen DURAN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 11–70911.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed Aug. 3, 2015.

Cornell Eugene Kirby, Law Office of Cornell Kirby, Shoreline, WA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

OIL, Christopher Buchanan, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

Celina Carmen Duran, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

In denying Duran's withholding of removal claim, the BIA found Duran failed to establish a nexus between the mistreatment she suffered or fears and a protected ground. As the government concedes, when the BIA issued its decision in this case it did not have the benefit of this court's decisions in *Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir.2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir.2013), and *Pirir–Boc v. Holder*, 750 F.3d 1077 (9th Cir.2014), or the BIA's decisions in *Matter of M–E–V–G–*, 26 I. & N. Dec. 227 (BIA 2014) and *Matter of W–G–R–*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Duran's withholding of removal claim to determine the impact, if

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

any, of these decisions. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

* This disposition is not appropriate for publication and is not precedent except as provided